IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:    3:08cr58/LAC/EMT
                                                     3:14cv133/LAC/EMT

JUAN GABRIEL OROZCO

---

### REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed on March 13, 2014,[1] in which he references a "forthcoming memorandum" (*see* doc. 45).  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."   After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

BACKGROUND and ANALYSIS

Defendant pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, three counts of possession with intent to distribute methamphetamine on a date certain, and illegal entry into the United States (*see* doc. 21), and the court sentenced him to a term

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing.  *See* Houston v. Lack, 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

of 210-months imprisonment on November 12, 2008 (docs. 29, 30).  He appealed, but he later filed a motion to dismiss the appeal with prejudice, which motion was granted on February 3, 2009 (docs. 32, 41).  Nothing further was filed until Defendant filed the instant motion to vacate, in which he claims that he was denied his "constitutional right to counsel of choice" and received ineffective assistance of counsel (doc. 45).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  If a defendant does not file an appeal, his conviction becomes final when the fourteen-day time period for filing an appeal expires.  *See* Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a); Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000).  In this case, Defendant filed, but ultimately dismissed, his direct appeal.  Even assuming that his conviction did not become final until his appeal was dismissed in 2009, the instant motion is facially untimely.

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)).   Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).  Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (citation omitted); Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012).  It only applies in "truly extraordinary circumstances." Johnson, 340 F.3d at 1226 (citing Jones, 304 F.3d at 1039–40;

Drew, 297 F.3d at 1286).  Further, the onus is on the moving defendant to show that he is entitled to this extraordinary relief.  Johnson, 340 F.3d at 1226; Jones, 304 F.3d at 1040.  The court will not relieve a petitioner who has sat upon his rights.   United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402–03 (5th Cir. 1999)).

Defendant claims here that he did not pursue collateral relief in a timely manner because he cannot read or understand English, and that once he found someone willing to review the record in his case there was further delay while he obtained transcripts and other court documents (doc. 45 at 12).  Defendant's inability to speak English is not the sort of "extraordinary circumstance" that warrants equitable tolling, much less such tolling for a period of more than five years.  Thus, Defendant's motion should be summarily denied as untimely.[2]

CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

---

[2] Without the need for significant discussion, the court also notes that even if Defendant's motion was timely, it lacks merit.  There is no constitutional right to "counsel of choice," and Defendant's conclusory allegations do not establish that counsel was constitutionally ineffective.

1.      The motion to vacate, set aside, or correct sentence (doc. 45) be summarily **DENIED and DISMISSED** as untimely.

2.      A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 20ᵗʰ day of March 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**